Submitted March 4, affirmed April 6, 2022

In the Matter of T. R. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. S.,
*Appellant.*

Klamath County Circuit Court
21JU02631; A176926 (Control)

In the Matter of J. A. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. S.,
*Appellant.*

Klamath County Circuit Court
21JU02632; A176927

509 P3d 188

Marci Warner Adkisson, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Daniel J. Casey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this juvenile dependency case subject to the Indian Child Welfare Act (ICWA), mother appeals two judgments by which the juvenile court asserted dependency jurisdiction over her two children, T and J. At the time of the jurisdictional hearing, T was two years old, and J was three months old. As to each child, the court asserted jurisdiction on the bases of (1) mother's failure to maintain a safe environment or understand the child's needs, (2) mother's lack of parenting skills, and (3) mother's inability to show that she could safely parent despite being offered services.[1] On appeal, mother contends that the juvenile court erred in admitting her substance-abuse treatment records into evidence under OEC 803(6), the business-records exception to the hearsay rule. Mother also challenges each of the jurisdictional bases as to each child and, cumulatively, the ultimate assertion of dependency jurisdiction over each child.

With respect to mother's challenge to the admission of her treatment records, we conclude that the juvenile court did not err in admitting those records under OEC 803(6). As for mother's jurisdictional challenges, under ORS 419B.100(1)(c), the juvenile court has jurisdiction over a child "[w]hose condition or circumstances are such as to endanger the welfare of the [child] or of others." A child is "endangered" within the meaning of ORS 419B.100(1)(c) if, under the totality of the circumstances, the child is exposed to "conditions or circumstances that present a current threat of serious loss or injury." *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). There must be "a nexus between the allegedly risk-causing conduct and the harm to the child," and the risk must be current and non-speculative. *Id.* at 62. When ICWA applies, as it does in this case, the jurisdictional grounds must be proved under the heightened standard of clear and convincing evidence. *Dept. of Human Services v. T. J.*, 302 Or App 531, 537-38, 462 P3d 315 (2020).

In reviewing a juvenile court's ruling that it has dependency jurisdiction over a child, we "view the evidence,

---

[1] Neither child's father is a party to this appeal.

as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome."[2] *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444, *adh'd to on recons*, 257 Or App 633, 307 P3d 444 (2013). Applying that standard, we conclude that the juvenile court did not err in asserting jurisdiction over T and J. Although mother has recently made positive progress with respect to substance abuse, the evidence was legally sufficient to permit the juvenile court to take jurisdiction, under the totality of the circumstances.

Affirmed.

---

[2] Mother has not requested *de novo* review, and we decline to conduct *de novo* review. *See* ORS 19.415(3)(b) (allowing us to conduct *de novo* review, as a matter of discretion); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases").